## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY FERRARE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IDT ENERGY, INC.<br><br>Defendant. | No.: 2:14-cv-04658-AB<br><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO STAY PURSUANT TO THE DOCTRINE OF PRIMARY JURISDICTION #24** |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO STAY PURSUANT TO THE DOCTRINE OF PRIMARY JURISDICTION #24

Defendant IDT has filed a Notice of Supplemental Authority asserting that "[i]n the December 18 Order, the PUC determined, inter alia, that it has the authority and jurisdiction to determine whether the prices charged by an electric generation suppler ("EGS"), such as IDT, conform to the provisions of an EGS's disclosure statement/terms of service regarding pricing." (Dkt. 24 at 1). It is important to note that the Public Utility Commission ("PUC") does not claim to have jurisdiction over whether prices charged by an electric generation suppler ("EGS"), such as IDT, conform to the provisions of an EGS's "terms of service" regarding pricing, as Defendant alleges. Further, Defendant IDT neglected to inform the Court of the PUC's other relevant holdings in that matter which significantly curtail any eventual relief that could be had from IDT.

While the PUC determined that it has the authority and jurisdiction to determine whether the prices charged by an EGS conform to the EGS disclosure statement, the PUC explicitly held that it has no authority to hear the legal claims in this case: "[the PUC] does not have subject matter jurisdiction to interpret the terms and conditions of a contract between an EGS and a customer to determine whether a breach of the contract has occurred." (Emphasis added) (Dkt. 24-1 at 27).  The claims in this case will not be resolved in the proceedings before the PUC.

Defendant IDT argues in its *Notice of Supplemental Authority* that, "Plaintiff's liability theory in this case rests on the allegation that IDT did not charge electricity rates consistent with its Terms of Service." (Dkt. 24 at 2).  Defendant IDT's statement is incorrect and overly narrow. Plaintiff alleged in the *First Amended Complaint* that Defendant IDT entered into a contract wherein Plaintiff agreed to receive his electric generation supply service from Defendant IDT and Defendant IDT contracted to deliver said services and savings by basing its rates competitively and on market factors, and Defendant IDT breached the contract by failing to do so. (Dkt. 13 at ¶¶ 1, 5, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 29, 37, 38, 39 and 40).  Plaintiff has alleged a breach of contract by Defendant IDT in charging a rate that was not based on the factors Defendant IDT contracted to base said rate on.  To be clear, Plaintiff's breach of contract claim goes beyond merely alleging that the rates charged do not correspond to Defendant IDT's Terms of Service.  Plaintiff has alleged that Defendant IDT could have delivered the savings it contracted to provide but breached its contract by opting not to provide said savings.  (Dkt. 13 at ¶¶ 18, 19 and 21).  As such, jurisdiction to hear Plaintiff's claims are properly, appropriately and exclusively before this Court.[1]

---

[1]     Further, the proceeding before the PUC is limited to a far narrower time period ("early 2014") than the claims asserted in this case which cover several years. *Dkt.* 24-1 at 3, 6.

The PUC further stated: "In the IDT Petition, the question is raised as to whether the Commission has the authority under Section 1312 of the Code, 66 Pa. C.S. § 1312, to order EGSs to issue refunds to customers.  Upon review and consideration of the question, we shall answer the question in the negative." *Dkt.* 24-1 at 17.   The PUC then held that it does not have the authority and jurisdiction to order "equitable" remedies including restitution.  *Dkt.* 24-1 at 26. The PUC went on to explain: "Concerning the OAG/OCA Formal Complaint's request for relief in the nature of refunds or restitution, the ALJs reasoned as follows:"

> The Joint Complainants' argument that any claims for lost savings as a breach of contract being an additional right of action brought under other statutory or common law will be rejected.  Having an additional right of action does not mean that the Commission has the authority to hear that additional right of action.  It means only that any Commission proceeding does not preclude the additional right of action from being brought in a jurisdiction that does have authority to hear that additional claim.  The Commission does not have such additional authority here over a breach of contract claim. IDT's Preliminary Objections will be granted in part.  *Dkt.* 24-1 at 27.

It is apparent from the PUC's December 18, 2014 Order that it is simply not equipped or permitted to hear Plaintiff's claims before this Court.  Even if the PUC had jurisdiction over Plaintiff's and the Proposed Class Members' private breach of contract claims, it could never issue a suitable remedy because the PUC is powerless to force Defendant IDT to issue a refund or to impose any other equitable remedy including restitution.  *Dkt.* 24-1 at 17 and *Dkt.* 24-1 at 26.  Indeed, Plaintiff like many, if not a majority of the proposed class, is a *former* customer to whom no mere refund could be issued by IDT.  There is no mechanism for the PUC to provide any remedy to Plaintiff.

For the reasons discussed herein, Plaintiff respectfully requests that this Honorable Court deny Defendant IDT's Motion to Stay and Motion to Dismiss, in the Alternative.  In the alternative, Plaintiff respectfully requests leave of Court to amend the *First Amended Complaint*.


Dated: December 22, 2014                        Respectfully Submitted:

                                                **SEEGER WEISS LLP**

                                                /s/ Jonathan Shub
                                                Jonathan Shub, Esquire
                                                1515 Market Street, Suite 1380
                                                Philadelphia, PA 19102
                                                Phone: (215) 564-2300
                                                Fax: (215) 851-8029
                                                Email: jshub@seegerweiss.com


                                                **Marcus & Mack, P.C.**

                                                /s/ Troy M. Frederick, Esquire
                                                Marcus & Mack, P.C.
                                                Identification No: 207461
                                                57 South Sixth Street
                                                Indiana, PA 15701
                                                Phone: (724) 349-5602
                                                Fax: (724) 349-8362


                                                *Attorneys for Plaintiff*